Evelyn Boland, Appellee, v. George J. Gay, Appellant.

(Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon.
E. R. E. Kimbrough, Judge, presiding. Heard in this court at the
October term, 1915. Affirmed. Opinion filed April 21, 1916. Re-
hearing denied June 30, 1916.

### Statement of the Case.

Action by Evelyn Boland, plaintiff, against George
J. Gay, defendant, to recover for personal injuries sus-
tained by the plaintiff while riding in a taxicab belong-
ing to the defendant. From a judgment for plaintiff,
defendant appeals.

Defendant insisted that the chauffeur of the taxicab
was not acting within the scope of his employment and
on his master's business at the time of the accident.
He admitted that Small was employed by the week to
run the machine in the nighttime, and that it was his
duty to go where the business required. He also ad-
mitted that when he left on a trip he authorized Small
to go ahead with the business, and that while his hours
were from two o'clock in the afternoon to two o'clock
in the morning, he some nights ran until three and at
times up to four o'clock in the morning, and that he
would accept what was earned. The taxicab office was
in the defendant's hotel and whoever answered the tele-
phone calls in the hotel had authority to take the call.
Plaintiff, by telephone from Lyons, called the hotel
for the taxicab about 2 a. m. and the taxicab
appeared to have been sent in response to the call.
Small stated he went with the machine to Lyons for
a ride without being called by telephone, and that he
was going to keep the fare collected and not pay it to
defendant. Small employed a lawyer to prosecute a
claim against the defendant for injuries he sustained

at the time of the accident, and received one hundred dollars from the hands of his attorney.

DWYER & DWYER, for appellant.

THOMAS A. GRAHAM, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 484*—*when instruction on liability of taxicab carrier correct.* In an action for personal injuries sustained by a passenger riding in a taxicab, an instruction that "common carriers of persons for hire are required to do all that human care, vigilance and foresight can reasonably do, consistent with the character and mode of conveyance adopted and the practical prosecution of the business, to prevent accidents to passengers while being carried by them," *held* to state the correct rule as to the liability of a carrier of passengers by taxicab.

2. CARRIERS, § 8a*—*who is common carrier.* In an action for personal injuries sustained by plaintiff while riding as a passenger in the defendant's taxicab, evidence *held* to show that the defendant held himself out as a common carrier of passengers.

3. PRINCIPAL AND AGENT, § 8*—*when evidence sufficient to show acts by servant within scope of employment.* In an action for personal injuries sustained by the plaintiff while riding as a passenger in the defendant's taxicab, evidence *held* to show that the defendant's chauffeur was acting within the scope of his employment at the time of the accident.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.